UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-63(2)(PAM/JGL)
Civil No. 05-540(PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION TO DISMISS |
| | ) | POWELL'S HABEAS MOTION |
| v. | ) | PURSUANT TO 28 U.S.C. § 2255 |
| | ) | |
| TYRONE POWELL, | ) | |
| | ) | |
| Petitioner. | ) | |

The United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Joseph T. Dixon, III, Assistant United States Attorney, hereby submits the following response to petitioner's Section 2255 motion.

BACKGROUND

On June 28, 2002, pursuant to a written plea agreement (a copy of which is attached hereto), petitioner Powell pleaded guilty to conspiring to trafficking 50 grams or more of crack cocaine, and 5 kilograms or more of cocaine. As part of the terms of the plea agreement, Powell agreed to waive all his appellate rights unless his sentence exceeded 135 months. In addition, Powell expressly waived his rights to petition under 28 U.S.C. Section 2255. On January 7, 2003, this Court sentenced Powell to a 120-month prison term.

Thereafter, Powell appealed. The Eighth Circuit dismissed the appeal finding that his "sentence [was] within the scope of the waiver, he does not contend that he entered into the plea agreement

unknowingly or involuntarily, and no miscarriage of justice would result from enforcing the waiver." United States v. Powell, No. 03-1469, 2003 WL 22533171 (8th Cir. Nov. 7, 2003). The Court of Appeals opinion was filed on November 7, 2003. The defendant did not file a petition for writ of certiorari.

On December 22, 2003, Powell filed a motion to vacate, set aside or correct his sentence claiming ineffective assistance of counsel for failing to properly instruct Petitioner about the plea agreement. As a result, Petitioner contended that he entered an unknowing and involuntary plea, and signed the agreement through misconception. See Powell's Habeas Motion at 4 (Grounds One and Two). On January 6, 2004, the United States moved to dismiss his petition for failure to state a claim. Specifically, the government argued "Powell omits sufficient facts in support of his claims, e.g., did counsel fail to disclose the terms of the plea agreement, provide erroneous or incorrect advice, or were the terms of the agreement and resulting sentence other than what Powell had bargained for with the government." By order dated January 14, 2004, this Court dismissed the defendant's petition.

On or about June 27, 2004, defendant filed another habeas petition with this Court. By letter dated July 11, 2004, the Clerk of Court returned the petition to the defendant, advising him that his petition was a successive petition and that he needed to seek permission from the Court of Appeals.

On or about October 28, 2004, defendant filed the application with the Court of Appeals. While the Clerk of Court's understanding of defendant's June 2004 petition as a successive petition was understandable given the inaccurate and incomplete information set forth in the petition, in fact, defendant's first petition was not decided on the merits. Accordingly, the United States filed a motion to dismiss with the Court of Appeal in which the United States asked the Court to instruct the defendant to re-file his petition with the district court.[1]

On January 28, 2005, the Court of Appeals dismissed petitioner's application.

On or about March 14, 2005, petition filed the instant petition in which he made wholly new allegations. Petitioner now alleges (i) ineffective assistance of counsel relating to a failure to uncover the defendant's true criminal history and (ii) violations of the defendant Fifth and Sixth Amendment rights as set forth in Booker

I. DEFENDANT WAIVED HIS RIGHT TO PETITION UNDER 18 U.S.C. §2255

As part of his Plea Agreement with the United States, Powell agreed to waive all rights to appeal and collaterally attack his conviction and sentence if he was sentenced under 135 months

[1]In its submission to the Court of the appeals, the United States agreed to affirm its position that the defendant's petition is not "second or successive," but reserved the right to oppose defendant's petition once filed with the district court.

imprisonment. Plea Agreement ¶ 9. Such a waiver is enforceable so long as a defendant entered into a Plea Agreement knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). The Eighth Circuit has acknowledged that such a decision may not be knowing and voluntary if the plea agreement is the result of advice outside "the range of competence demanded of attorneys in criminal cases." Id. (citations omitted). To sustain such a claim of ineffective assistance of counsel, however, a defendant "faces a heavy burden." Id. at 924 (citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Powell received a 120-month sentence. Based on the terms of the plea agreement, Powell should not be allowed to attack his sentence and the motion should be dismissed. Notably, Powell no longer claims that he did not enter into the plea agreement knowingly and voluntarily. Accordingly, he should be bound to its terms.

## II. PETITIONER CANNOT DEMONSTRATE INEFFECTIVE ASSISTANCE OF COUNSEL.

To sustain a claim of ineffective assistance of counsel a petitioner "faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established the benchmark for deciding such claims as whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. 466 U.S. 668,

688-89 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness", taking into account a strong presumption of counsel's "reasonable professional assistance." Id. at 690. Additionally, the petitioner must demonstrate prejudice. To prove prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

A. Counsel Was Not Ineffective

Petitioner has not met his burden by establishing that counsel's performance "fell below an objective standard of reasonableness." To the contrary, the record demonstrates that defense counsel diligently pursued her client's interests.

B. Petitioner's Claim of Prejudice Has No Merit

Nor do petitioner's claims of prejudice have any merit. Petitioner's motion is premised on the assertion he was incorrectly attributed with two criminal history points, pursuant to Section 4A1.1(d) for being on probation during the offense. Memo at 5. Petitioner asserts that this attribution was incorrect because his probation was terminated on March 15, 2001 and the offense in this case purportedly began on February 21, 2002, after the probation was terminated. Memo at 5.

The government agrees with defendant that the term of probation ran from March 15, 2000 through March 15, 2001.

Petitioner is incorrect in his assertion regarding the date of the offense. As set forth in the Plea Agreement, the offense ran from on or about January 2001 through on or about November 11, 2001. Plea Agreement ¶ 2.

Moreover, the additional two criminal history points had no effect on the defendant's sentence. The PSI ascribed five criminal history points to the defendant. Even if one were to ignore the criminal history points attributed to the defendant because of his probation status, he would still be left with three criminal history points, making him ineligible for the "safety-valve" provision pursuant to 18 U.S.C. § 3553(f). As such, the sentence he received, 120 months, was the lowest sentence the Court could impose.

III. DEFENDANT'S SENTENCE IS NOT SUBJECT TO BOOKER

In a memorandum also attached to his application, petitioner also raises the issue of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 543 U.S. __ (2005).

A. Petitioner Received The Lowest Sentence Legally Permitted

Petitioner received the minimum sentence legally permitted pursuant to 18 U.S.C. 841(a)(1)(A). Petitioner's applicable Guideline was based on the facts to which the defendant pleaded (ie, there were no enhancements based on judicially-found facts). Moreover, even if the case were somehow remanded to this Court for resentencing in light of the recent Supreme Court cases, the Court

would be required to impose the same sentence due to the statutory minimum sentence under 21 U.S.C. § 841(a)(1)(A).

B. Booker Does Not Apply Retroactively

The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp

v. Ohio, 367 U.S. 643 (1961), not retroactive).

The governing rule was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). Justice O'Connor endorsed Justice Harlan's principles "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, which Justice O'Connor adopted from Justice Harlan with some modification. First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." It has stated: "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. 461, 478 (1993), quoting Teague, 489 U.S. at 311. In Teague, Justice O'Connor stated: "Because we operate from the

premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." 489 U.S. at 313.[2]

Although the relevant portion of Justice O'Connor's opinion was a four-justice plurality opinion, her Teague standards have been applied by a majority of the Supreme Court, with some modification for sentencing rules, in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, "[t]he Teague inquiry is conducted in three steps." 521 U.S. at 156. The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If it did not, he is entitled to the benefit of the decision. If it did become final before the new decision, the second step is to determine whether the decision adopts a new rule. If it does not, again he is entitled to the benefit of the decision. If it did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the

[2] The Supreme Court, despite many decisions addressing new rules of constitutional law, has yet to find any retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that defendant's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step.

The Supreme Court has defined a "new rule" as one that was not "dictated by precedent existing at the time the defendant's conviction became final." Graham v. Collins, 506 U.S. at 467; Sawyer v. Smith, 497 U.S. at 234; Teague v. Lane, 489 U.S. at 301 (emphasis in originals). A rule may be new even though it finds general support in prior cases. Sawyer v. Smith, 497 U.S. at 236. The test is whether, at the time Blakely was decided, a "reasonable jurist" would have felt "compelled" to adopt the rule it stated. O'Dell v. Netherland, 521 U.S. at 164; Graham v. Collins, 506 U.S. at 477. Under this standard, Blakely clearly adopted a new rule.

Four years before Blakely, in Apprendi, the Court held that any fact which increases a statutory maximum sentence must be determined by a jury. Subsequently, every circuit court of appeals addressed whether this rule applied to determinations made, as in this case, in order to calculate a sentence under the guidelines within the statutory maximum. Without exception, every court held that the Apprendi rule was inapplicable to the Sentencing Guidelines, so long as the final sentence did not exceed the

statutory maximum sentence on any count of conviction.[3] That body of law makes unquestionable that Blakely was not "dictated" by the Apprendi precedent, and reasonable jurists were not compelled to so conclude. Because Blakely therefore constituted a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague – for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

That Blakely is not subject to either of these exceptions was essentially determined by the Supreme Court on the same day that it decided Blakely in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Schriro, the Court addressed the issue of retroactive application of Ring v. Arizona, 536 U.S. 584 (2002). In Ring, the Court had applied the Apprendi principle to a death sentence imposed under the same Arizona sentencing scheme at issue in Summerlin. The Ring Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was

---

[3] See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Banks, 340 F.3d 683, 684-65 (8th Cir. 2003); United States v. Ochao, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court determined that Ring presented a new rule of procedure which was not retroactively applicable. First, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. The Court explained that substantive rules "narrow the scope of a criminal statute by interpreting its terms [or] place particular conduct or persons covered by the statute beyond the State's power to punish . . . ." 124 S. Ct. at 2522. In contrast, rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 2523. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decision making authority in this fashion are prototypical procedural rules . . . ." Id.

Second, the Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi

and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated "[t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990))." Summerlin, 124 S. Ct. at 2523. The Court held that the jury requirement is not one: "When so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

The Summerlin holding is directly applicable to Blakely as well as the recent Supreme Court case applying Blakely to the United States Sentencing Guidelines, United States v. Booker, 543 U.S. __ (2005).[4] If, as in Summerlin, the requirement that a jury

[4] Likewise, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d

determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely the same rationale would apply to the guideline enhancements at issue here. See also Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)("[t]he Supreme Court has not made the Blakely rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)"); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(concluding that the Supreme Court has not yet held Blakely to be retroactively applicable, and further noting that, in fact, "the Supreme Court has strongly implied that Blakely is not to be applied retroactively").

## CONCLUSION

For the foregoing reasons, Powell's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be dismissed.

Respectfully submitted,

Dated: March 28, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/Joseph T. Dixon
BY: JOSEPH T. DIXON, III
Assistant U.S. Attorney
Attorney ID No. 0283903

---

993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).