UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-63(2)(PAM/JGL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TYRONE POWELL,<br>Defendant. | ) | PLEA AGREEMENT AND SENTENCING STIPULATIONS |

The United States of America and Tyrone Powell, (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. Charges. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiring to distribute and to possess with the intent to distribute in excess of fifty grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a controlled substance, and in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (b)(1)(A).

(83)

FILED JUN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

2. **Factual Basis**. From on or about January 2001 through on or about November 11, 2001, in the State and District of Minnesota, the defendant conspired to possess with intent to distribute and distribute approximately five kilograms of a mixture or substance containing a detectable amount of cocaine and fifty grams of a mixture or substance containing a detectable amount of cocaine base.

3. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

a. a mandatory minimum of 10 years imprisonment (subject to 18 U.S.C. § 3553 (e) & (f));

b. a maximum of life imprisonment;

c. a supervised release term of 5 years up to a maximum supervised release term of life;

d. a fine of up to 4,000,000;

e. a mandatory special assessment of $100;

f. assessment to the defendant of the costs of prosecution, imprisonment, and supervision; and

g. denial of federal benefits under 21 U.S.C. Section 862 (a)(1).

4. **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations**. The defendant will be sentenced in accordance with the United States Sentencing Guidelines. The parties stipulate to the following guideline calculations:

a. Base Offense Level. The parties agree that the base offense level for this violation of Title 21, United States Code, Section 841(a)(1) is 32. (U.S.S.G. § 2D1.1)

b. Specific Offense Characteristics. The defendant contends that he may be eligible for a 2-level decrease in the offense level pursuant to U.S.S.G. § 2D1.1(b)(6) (i.e., that the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2). If the Court finds that the defendant is criminal history category I, and the other criteria set forth in subdivisions (1)-(5) of § 5C1.2 are satisfied, the government will agree to a 2-level reduction. The parties agree that no specific offense characteristics apply.

c. Chapter 3 Adjustments. The defendant reserves the right to argue that the offense level should be decreased by 2 levels, because the defendant was a minor participant. (U.S.S.G. § 3B1.2(b)). The government reserves the right to oppose this adjustment.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility. However, the defendant understands and agrees that this recommendation is conditioned upon (i) the defendant's full, complete, and truthful disclosures to the United States Probation Office and (ii) the defendant's compliance with all conditions of pretrial release. (U.S.S.G. §3E1.1) The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

e. Criminal History Category. Based on information available at this time, the government believes that the defendant's criminal history category is II or III. The defendant believes that the defendant's criminal history category is I.

f. Guideline Range. If the offense level is 29, and the criminal history category is II, the Sentencing Guidelines range is 97-121 months imprisonment. If the offense level is 29, and the criminal history category is III, the Sentencing Guidelines range is 108-135 months imprisonment. If the offense level is 27, and the criminal history category is I, the Sentencing Guidelines range is 70-87 months imprisonment.

g. Fine Range. If the adjusted offense level is 29, the fine range is $15,000.00 to $150,000.00. (U.S.S.G. § 5E1.2(c)(3)). If the adjusted offense level is 27, the fine range is $12,500.00 to $125,000.00. (U.S.S.G. § 5E1.2(c)(3)).

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 5 years; provided that if the defendant meets the "safety-vale" criteria as set forth in U.S.S.G. §5C1.2, then the guideline range is three to five years supervised release. (U.S.S.G. § 5D1.2).

6. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the application of the Sentencing Guidelines is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the defendant may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count

of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

8. __Cooperation__. The defendant has agreed to cooperate with law enforcement authorities in the investigation and prosecution of other suspects. This cooperation includes, but is not limited to, being interviewed by law enforcement agents, submitting to a polygraph examination if the government deems it appropriate, and testifying truthfully at any trial or other proceeding involving his co-defendants and other suspects. If the defendant cooperates fully and truthfully as required by this agreement and thereby renders substantial assistance to the government, the government will, at the time of sentencing, move for a downward departure under 18 U.S.C. § 3553(e) and Guideline Section 5K1.1. The government also agrees to make the full extent of the defendant's cooperation known to the Court. The defendant understands that the government, not the Court, will decide whether the defendant has rendered substantial assistance. The government will exercise its discretion in good faith. The defendant also understands that there is no guarantee the Court will grant any such motion for a downward departure, and the defendant understands that the amount of any downward departure is within the Court's discretion. In the event the government does not make or the Court does not grant such a motion, the defendant may not withdraw his plea based upon that ground. Finally, the defendant understands that the government is not required to accept any tendered cooperation on the defendant's

part. If the government, in its sole discretion, chooses not to accept tendered cooperation, the defendant will not receive a sentence reduction for such tendered cooperation and will not be allowed to withdraw from the plea agreement based upon that ground.

As of the date of this agreement, the defendant has provided some information to the government regarding other potential suspects. As of the date of this agreement, the government does not know whether this information will lead to the prosecution of any individuals or whether the defendant's cooperation with respect to such individuals will constitute substantial assistance within the context of any such prosecutions. The government has made no promises or representations to the defendant regarding whether a motion for downward departure will ever be made. Nevertheless, the defendant has decided to plead guilty as set forth above.

9. Waivers of Appeal and Collateral Attack. The defendant understands that 18 U.S.C. Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal his sentence, unless the sentence exceeds 135 months. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being

waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

10. **Complete Agreement**. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: June 28, 2002

THOMAS B. HEFFELFINGER
United States Attorney

for [signature]
BY: ANDREW S. DUNNE
Assistant U.S. Attorney

Date: 6-28-02

[signature]
TYRONE POWELL
Defendant

Date: 6-28-02

[signature]
KYLE WHITE
Counsel for Defendant