UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Tyrone Powell,

Defendant.

Crim. No. 02-63(2) (PAM/JGL)
Civil No. 05-540 (PAM)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Government's Motion to Dismiss Tyrone Powell's Habeas Petition. For the following reasons, the Government's Motion is granted.

**BACKGROUND**

On February 10, 2003, Mr. Powell pled guilty to conspiring to traffic fifty grams or more of crack cocaine and five kilograms or more of cocaine. In accordance with his plea agreement, Powell agreed to waive all of his appellate rights unless his sentence exceeded 135 months. This Court sentenced Mr. Powell to a 120-month prison term. With his attorney's assistance, Mr. Powell appealed his sentence. The Eighth Circuit dismissed his appeal, determining that this Court's sentence was within the scope of his waiver of his appellate rights.

On December 22, 2003, Powell filed a motion to vacate, set aside or correct his sentence, claiming that he received ineffective assistance of counsel resulting in an unknowing and involuntary plea agreement. On January 6, 2004, the Government filed a motion to dismiss the petition because Powell failed to include any facts whatsoever to

support his claim. This Court dismissed the petition on January 14, 2004.

In June 2004, Powell filed another habeas petition with the Court. Based on the incomplete and inaccurate information contained in the petition, the Clerk of Court returned the petition to Powell and advised him that his petition was successive and that he needed permission from the Eighth Circuit Court of Appeals before he could file a second petition. Powell filed his petition with the Eighth Circuit Court of Appeals in October 2004. The Government filed a motion to dismiss, and conceded that Powell's June 2004 petition was not successive, because his first petition was not adjudicated on the merits. On January 28, 2005, the Eighth Circuit dismissed Powell's petition.

In March 2005, Powell filed the instant petition. He alleges that he received ineffective assistance of counsel and that his Fifth and Sixth Amendment rights were violated as set forth in United States v. Booker, 125 S.Ct. 738 (Jan. 12, 2005). The Government now moves to dismiss the petition.

## DISCUSSION

### A. Standard of Review

The Court considers the claim of error to determine if Powell is entitled to an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a § 2255 motion "unless the motion, files and records of the case conclusively show that the [petitioner] is entitled to no relief." 28 U.S.C. § 2255. Therefore, the instant Motion can be denied without first conducting an evidentiary hearing if (1) Powell's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are

contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Powell has failed to show that he is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel.

**B. Plea Agreement**

As a threshold matter, the Court notes that Powell's plea agreement effectively waived all rights to appeal and to collaterally attack his conviction, so long as he was sentenced under 135 months imprisonment. Powell received a 120-month sentence. This waiver is effective and enforceable so long as Powell entered into the plea agreement knowingly and voluntarily. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). Powell does not claim that his plea was unknowing or involuntary, but rather that his attorney failed to correctly determine his criminal history score. Based on the plain language of the plea agreement, Powell has waived his right to bring these claims. Nonetheless, the Court will proceed to the merits of Powell's arguments.

**C. Ineffective Assistance of Counsel**

Powell claims that his attorney was ineffective because he failed to uncover Powell's true criminal history score. To prove ineffective assistance of counsel, Powell must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995)

(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Prejudice requires Defendant to show, to a reasonable probability, that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Powell specifically contends that his criminal history score was overstated by two points. Under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(d), two points are added to a defendant's criminal history score if he committed the offense while on probation. Powell was on probation for a California state court conviction from March 15, 2000 to March 15, 2001. He contends that he did not commit the underlying offense until February 2002, and that therefore, the two points were incorrectly added to his criminal history score.

The Government points out that the dates of his offense, as defined in the plea agreement, were from January 2001 to November 11, 2001. Thus, at the time that Powell committed the underlying offense, he was on probation for his California state court conviction. Thus, the two points were properly added to his criminal history score. As a result, Powell cannot demonstrate that he suffered any prejudice or that his lawyer acted unreasonably.[1]

---

[1] Moreover, even if the two points were erroneously included in his criminal history score, his criminal history score would nonetheless have been III, rendering him ineligible for the safety valve provision of 18 U.S.C. § 3553(f), and thus subject to a minimum mandatory sentence of 120 months imprisonment.

**D. Fifth and Sixth Amendment**

Powell also claims that his Fifth and Sixth Amendment rights were violated, apparently in contravention of United States v. Booker. The Government submits that Powell's sentence is not subject to Booker.

Booker rendered the U.S.S.G. advisory and required all facts that enhance a defendant's sentence to be admitted by a defendant or proven to a jury beyond a reasonable doubt. In this case, Powell's sentence was not subjected to any enhancements. Thus, Booker does not even apply.

Moreover, contrary to Powell's assertions, Booker does not apply retroactively. Generally new substantive rules apply retroactively while new procedural rules do not. See Shiro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes . . . [while] rules that regulate only the manner of determining the defendant's culpability are procedural." Id. at 2523. Booker does not alter the range of conduct or class of persons punished by the law, but rather affects how the length of punishment is determined – that is, it transfers the fact finding authority from the judge to the jury. Therefore, the Court finds that Booker imposes a new procedural rule.

In order for a procedural rule to apply retroactively to cases on collateral review, the Court must: (1) determine the date Powell's conviction became final; (2) decide whether the procedural rule outlined in Booker is new; and (3) determine if the new rule falls under the exceptions outlined in Teague v. Lane, 489 U.S. 288 (1989). See Teague, 489 U.S. at 301-

310. Powell's conviction became final in November 2003, and thus the Court must proceed to the next step of the analysis. The rule outlined in Booker is undoubtedly new, as it was not dictated by precedent. Finally, the Court must determine if the rule outlined in Booker is subject to one of two Teague exceptions: (1) the rule de-criminalizes an activity; or (2) it is a "watershed" rule of criminal procedure that implicates the "fundamental fairness and accuracy of the criminal proceeding." Teague, 489 U.S. at 307. There is no dispute that the first exception does not apply. However, the Court's inquiry will focus on whether Booker falls under the second Teague exception.

The Supreme Court previously held that the rule established in Ring v. Arizona, 536 U.S. 584 (2002), which allocated sentencing fact-finding to the jury in death penalty cases, was not retroactively applicable because it did not fall under the second Teague exception. Summerlin, 124 S.Ct. at 2525. The Court concluded that judicial fact-finding does not "seriously diminish the accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." Id. Like Ring, Booker re-allocated the authority to make certain factual findings from the judge to the jury. This shift does not necessarily render the prior practice seriously unfair or inaccurate. Furthermore, like Ring, Booker was an extension of the decision announced in Apprendi v. New Jersey, which is not applied retroactively. Therefore, this Court agrees with the other courts who have addressed this issue, and joins in the conclusion that Booker is not retroactively applicable because it does not fall under the second Teague exception. See e.g., Morales v. United States, File No. 99-229(3), 2005 WL 807051 (D. Minn. Apr. 7, 2005) (Montgomery, J.). As a matter of law,

Powell's claims fail.

**CONCLUSION**

Powell's § 2255 motion is completely without merit and must be denied. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Conviction (Clerk Doc. No. 140) is **DENIED**.

Dated: May 2, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge